# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HAROLD TEDFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.10-CV-502-GKF-FHM |
| | ) | |
| JERRY LINE, an individual and as | ) | |
| principal/employer; CHARLIE DAVIS | ) | |
| STRONG, JR., an individual and | ) | |
| agent/employee; and BRENT ALAN RADKE, | ) | |
| an individual and agent/employee, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the court is the Motion for Summary Judgment of defendant Brent Alan Radke ("Radke"). [Dkt. #18]. Plaintiff objects to the motion.

This lawsuit arises from a May 9, 2009, automobile accident on U.S. Highway 169 in Nowata County, Oklahoma. Defendants Charlie Davis Strong, Jr. ("Strong") and Radke were traveling in a 1955 vintage Chevrolet from Cherryvale, Kansas, to Tulsa. The Chevrolet attempted to pass another vehicle in a no-passing zone, causing a crash between vehicles driven by Kyler Blagg and Alfred Hobbs. Three people were killed. Plaintiff Harold Tedford, a passenger in Hobbs's car, was injured.

Three lawsuits were filed in the United States District Court for the Northern District of Oklahoma: *Blagg v. Line, et al.,* Case No. 09-CV-703-CVE-FHM; *Hobbs v. Line, et al.,* Case No. 09-CV-78-TCK-PJC; and this action. The cases have been consolidated for pretrial discovery, and the case pending before Chief Judge Claire V. Eagan has been designated as the base file for discovery.

Radke seeks summary judgment on the grounds that he was not the driver of the car that caused the crash, but only a passenger.

## I.  Material Facts

1.  Plaintiff's Complaint alleges that "[o]n May 9, 2009,in Nowata County, Oklahoma on U.S. Highway 169, Defendant Strong or Defendant Radke, willfully and recklessly drove or caused to be driven a motor vehicle while intoxicated and such motor vehicle recklessly and negligently passed an automobile in a no-passing zone and without sufficient clearance, which caused a crash between a vehicle driven by Kyler Blagg and a vehicle driven by Alfred Hobbs." [Dkt. #1, ¶9].  It further alleges plaintiff was a passenger in the Hobbs vehicle, and was injured in the crash. [*Id.,* ¶12].

2.  It is undisputed that Strong was driving the car at the time of the crash, and Radke was a passenger in the car. [Dkt. #18-1, Ex. 1, Oklahoma Highway Patrol Detailed Summary, pp. 5-6]; Dkt. #18-2, Ex. 2, Oklahoma Highway Patrol Interview of Brent Radke, Kt. #18-3, Ex. 3, Oklahoma Highway Patrol Interview of Strong].

3.  Radke testified at Strong's Preliminary Hearing that initially, he was driving the car because Strong had "had some alcohol and I figured it would be best if I drove," [Dkt. #18-1, Ex. 5, Transcript of Preliminary Hearing, p. 8].  However, after the two stopped in South Coffeyville to repair a radiator hose, Strong jump-started the car, refused to allow Radke to drive, and when Radke protested, began to drive off without him. [*Id.,* pp. 9-11].  Radke testified , "Because he (Strong) had been drinking...I felt it would be best if I drove." [*Id.,* p. 11:11-14].  Radke got back in the car, the car took off, and Radke tried without success to talk him out of driving. [*Id.,* 11:15-22].

## II. Analysis

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once a motion for summary judgment is properly made and supported, the opposing party has the burden to show that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1984).

Plaintiff concedes that Strong was the driver of the car that allegedly caused the crash. However, he asserts Radke is liable to him based on a theory of contributory negligence. Under Oklahoma law, a passenger in a moving vehicle must use ordinary care for his or her own safety. *Thomason v. Pilger,* 112 P.3d 1162, 1166 (Okla. 2005); *Snyder v. Dominguez,* 202 P.3d 135, 141 (Okla. 2009). Thus, contributory negligence on the part of an injured plaintiff who was a passenger in the car may subject the plaintiff to a defense of contributory negligence. *Thomason* at 1166. However, these cases do *not* support the proposition that a passenger in a car can be held liable as a defendant for contributory negligence in a lawsuit by a third party. The Oklahoma Supreme Court has stated:

> Contributory negligence has been defined as an act or omission *on the part of plaintiff* amounting to want of ordinary care, which, concurring or cooperating with the negligent act of defendant, is the proximate cause of the injury complained of, and necessarily presupposes negligence on the part of the defendant.

*Miller v. Price,* 33 P.2d 624,626 (Okla. 1932). "The defense of contributory negligence does not even arise unless the defendant has been *guilty of negligence which, but for this defense, would render it liable to the plaintiff.*" *Graham v. Keuchel,* 847 P.2d 342, 358 (Okla. 1993) (emphasis in original).

3

Radke is in this suit solely as a defendant.  It is undisputed Strong was the driver of the car that caused the accident giving rise to this action.  Plaintiff has identified no basis in law for asserting a claim against Radke.  There being no genuine dispute as to any material fact, Radke is entitled to summary judgment on plaintiff's claim against him.

### III.  Conclusion

For the reasons set forth above, defendant Radke's Motion for Summary Judgment [Dkt. #18] is granted.

ENTERED this 8th day of August, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma