IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HAROLD TEDFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.10-CV-502-GKF-FHM |
| | ) | |
| JERRY LINE, an individual and as | ) | |
| principal/employer; CHARLIE DAVIS | ) | |
| STRONG, JR., an individual and | ) | |
| agent/employee; and BRENT ALAN RADKE, | ) | |
| an individual and agent/employee, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Before the court is the Motion to Amend Complaint and Add Additional Parties [Dkt. #29] filed by plaintiff Harold Tedord ("Tedford"). Plaintiff seeks leave to add as defendants companies in which defendant Jerry Line ("Line") is alleged to own an interest, specifically, WP Oil and Gas, LLP, L&L Well Service, LLC, Nagasco Pipeline Logistics, LLC, Blinco, Inc. and Petron Energy, Inc. (collectively, the "Company Defendants"). Line objects to the motion.

This lawsuit arises from a May 9, 2009, automobile accident on U.S. Highway 169 in Nowata County, Oklahoma. Defendant Charlie Davis Strong, Jr. ("Strong") was driving a 1955 vintage Chevrolet from Cherryvale, Kansas, to Tulsa. The Chevrolet attempted to pass another vehicle in a no-passing zone, causing a crash between vehicles driven by Kyler Blagg and Alfred Hobbs. Three people were killed. Plaintiff Harold Tedford, a passenger in Hobbs's car, was injured.

Three lawsuits were filed in the United States District Court for the Northern District of Oklahoma: *Blagg v. Line, et al.,* Case No. 09-CV-703-CVE-FHM; *Hobbs v. Line, et al.,* Case

No. 09-CV-78-TCK-PJC; and this action. The cases have been consolidated for pretrial discovery, and the case pending before Chief Judge Claire V. Eagan has been designated as the base file for discovery. [Dkt. #14] The deadline for filing motions to amend was February 22, 2011. [Dkt. #15].

On September 27, 2010, plaintiff in the *Blagg* case filed a Second Amended Complaint [09-CV-703-CVE-FHM, Dkt. #41] adding all of the Company Defendants except Petron. On January 28, 2011, Magistrate Judge Frank M. McCarthy granted defendant Strong's Motion to Stay Discovery [09-CV-703, CVE-FHM, Dkt. #70] until resolution of the related state criminal case against Strong. The discovery stay did not affect filing of pretrial motions. [*Id.*]. The stay was lifted on April 11, 2011 [09-CV-703, CVE-FHM, Dkt. #93].

Tedford filed the pending motion on May 5, 2011.[1] He states that during the stay on discovery, he received copies of checks written to defendant Strong from Petron Energy's account and some of the checks appear to be signed by defendant Line. However, Line responded to discovery requests on December 15, 2010–before the discovery stay–indicating that during the year before the accident, it had made payments to Strong for day labor as an independent contractor for Petron. [Dkt. No. 30-2, Line's Response to Plaintiff's Supplemental Interrogatories and Requests for Production of Documents, Resp. to Interrog. No. 18 and Response to Req. for Prod. No. 5]. Moreover, the discovery stay did not prohibit plaintiff from filing a motion to amend.

---

[1]The accident giving rise to this lawsuit occurred May 9, 2009. Plaintiff asserts a two-year statute of limitations applies to claims for liability based on a theory of respondeat superior. [Dkt. #28 at ¶4].

2

Under Fed.R.Civ.P. 15(a)(2), "[t]he court should freely give leave [to amend pleadings] when justice so requires." Additionally, however, both Fed.R.Civ.P. 16(b)(4) and the scheduling orders entered in this case provide that schedules may be modified only for "good cause."

"The decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion, Fed.R.C.iv.P. 15(a), and will not be disturbed absent an abuse of that discretion." *Woolsey v. Marion Lab., Inc*., 934 F.2d 1452, 1462 (10th Cir. 1991) (citations omitted). Refusal of a request to amend is appropriate "on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dept. of Safety, City and County of Denver,* 397 F.3d 1300, 1315 (10th Cir. 2005)

A court may deny leave to amend "when the party filing the motion has no adequate explanation for the delay." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006). Indeed, 'untimeliness alone may be a sufficient basis for denial of leave to amend.'" *Woolsey,* 934 F.2d at 1462 (citing *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990)). Delay is generally measured from the filing of the complaint, or from the time when the facts necessitating the amendment became known to the moving party. *See Broom v. Springs Global U.S., Inc.*, 2010 WL 4362851, *2 (N.D. Okla. 2010); *Hayes v. New England Millwork Distrib., Inc.*, 602 F.2d 15, 19-20 (1st Cir. 1979); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). Excusable neglect is not shown "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Federal Insurance Co. v. Gates Learjet Corp.,* 823 F.2d 383, 387 (10th Cir. 1987).

Here, plaintiff was made aware of potential claims against the Company Defendants by September 27, 2010, when plaintiff in the *Blagg* case filed his Second Amended Complaint adding the Company Defendants to his action. Further, Line's discovery response of December 15, 2010, disclosed payments by Petron to Strong in the year preceding the accident (although Line contended the payments were made for day labor and had no relationship to the incident at issue). Plaintiff has presented no adequate explanation for his delay in seeking to amend.[2]

For the reasons set forth above, plaintiff's Motion for Leave to File Amended Complaint [Dkt. #29] is denied.

ENTERED this 9th day of August, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[2] Line also asserts the proposed amendment would be futile because "[p]laintiffs in these consolidated cases, including Tedford, know that these Company Defendants are not proper parties herein," that Tedford has failed to identify any evidence indicating Strong worked for any of the proposed Company defendants on the date in question, and that "there was no oil and gas or any other business being conducted on this day which could reasonably implicate these entities." [Dkt. #30 at 5]. The court makes no finding with respect to the futility issue.